lee, elmer edward v. state 







                     NO. 12-04-00166-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


CLIFTON LYNN STOKES,                              §     APPEAL FROM THE 145TH
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §     NACOGDOCHES COUNTY, TEXAS





MEMORANDUM OPINION
PER CURIAM
            This appeal is being dismissed for want of jurisdiction. Appellant was convicted of
possession of marijuana, and punishment was imposed in open court on November 17, 1999.
Thereafter, Appellant filed a motion for new trial, which was untimely. Texas Rule of Appellate
Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days
after the day sentence is imposed or suspended in open court unless a motion for new trial is timely
filed. Since Appellant’s motion for new trial was untimely, his notice of appeal was due to have
been filed on or before December 17, 1999. However, Appellant did not file his notice of appeal
until May 14, 2004. Moreover, Appellant did not file a timely motion for extension of time to file
his notice of appeal as authorized by Rule of Appellate Procedure 26.3. 
            On May 20, 2004, this Court notified Appellant pursuant to Rules of Appellate Procedure
26.2 and 37.2, that the clerk’s record did not show the jurisdiction of this Court, and gave him until
June 4, 2004 to correct the defect. On May 27, 2004, Appellant informed the Court that he is not
appealing his conviction, but seeks to challenge the constitutionality of several statutes applicable
to the 1999 trial court proceeding. We construe Appellant’s response as a notification that he will
ask this Court for a declaratory judgment that the statutes in question are unconstitutional.
            The jurisdiction of a court of appeals is appellate unless the legislature confers original
jurisdiction by statute. Tex. Const. art. V, § 6(c). We are not aware of any statute that confers
original jurisdiction of declaratory judgment actions to the courts of appeals nor does Appellant cite
any such statute. Therefore, we are without jurisdiction in this proceeding. Accordingly, the appeal
is dismissed for want of jurisdiction.
Opinion delivered May 28, 2004.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.
























(DO NOT PUBLISH)